## Wood *against* Hubbell and others.

### *Landlord and tenant; rent after loss by fire.*

In November, 1843, a lease was executed by the parties to this suit, by which the defendants demised to the plaintiff a tavern, in the city of Rochester, for the term of eight years, from April 1, 1844, when the term was to commence, at an annual rent of $1,000, payable quarterly.

In February, before the commencement of the term, and before the lessee took possession, the tavern was destroyed by fire. The lessee then requested the lessors to cancel the lease, which they refused to do, and in September, 1844, they commenced an action of covenant on the lease, to collect one quarter's rent, which they alleged had become due.

The plaintiff then filed the bill in this cause before the Vice-Chancellor of the eighth circuit, alleging that by the terms of the agreement between the parties, the lease was to have contained a provision that in case the tavern should be destroyed by fire during the term, the obligation to pay rent should be cancelled, and the term should cease. That such provision was omitted by mistake, and praying that the lease should be reformed and cancelled, and the defendants perpetually enjoined against prosecuting the suit for rent.

The Vice-Chancellor dismissed the bill, on the ground that the proof did not satisfactorily show that the par-

ties had agreed that the lease should contain the provision alleged to have been omitted.

The Supreme Court, on appeal, concurred with the Vice-Chancellor as to the insufficiency of the proof, but reversed his decree, and ordered the lease to be cancelled, and enjoined the defendants from the further prosecution of the action on the covenant, on the ground that the destruction of the demised property by fire, *before the commencement of the term*, entitled the lessee to have the lease cancelled, without any special agreement to that effect.

The Court of Appeals, without passing upon the question of law last suggested, affirmed the judgment, on the ground that there was sufficient evidence of the agreement that the term should cease, in case of the destruction of the building by fire, and of the omission, through mistake, to insert such provision in the lease.

(S. C., 5 Barb. 601 ; 10 N. Y. 479.)